UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON,

        Plaintiff,

   v.

ALLAN L.M. ROBINSON,

        Defendant.

CASE NO. MC14-5000 BHS

ORDER REMANDING CASE

This matter comes before the Court on what appears to be Defendant Allan L.M. Robinson's ("Robinson") notice of removal of a criminal proceeding pursuant to 28 U.S.C. § 1443(1) and asserting federal jurisdiction on the basis of alleged violations of 42 U.S.C. §§ 1983 and 1985. Dkt. 1 at 1-2. The Court has considered the pleadings filed in support of the notice of removal and the remainder of the file and hereby remands the case for the reasons stated herein.

28 U.S.C. § 1443 reads in relevant part:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the

ORDER - 1

district court of the United States for the district and division embracing the place wherein it is pending:

    (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof.

The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). Any doubt as to the right of removal is resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

A defendant who wishes to remove his criminal case to federal court pursuant to § 1443 must satisfy the following two-part test: "[f]irst, the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights," and "[s]econd, [defendants] must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." *Patel v. Del Taco*, 446 F.3d 996, 998–99 (9th Cir. 2006) (*citing California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1970).

In his notice of removal, Robinson appears to allege that he was denied reasonable accommodation before a court appearance and conspiracy to deprive him of his accommodation which resulted in injury. *See* Dkt. 1 at 1-4. He also "believes he cannot receive a fair trial due to denial of due process by agents of the plaintiff." *Id*. at 2. Robinson also "believes that his potential jury pool is tainted … beyond remedy." *Id*.

1 However, Robinson neither asserts that his case involves equal racial civil rights, nor
2 does he identify any state law prohibiting such civil rights.  Consequently, § 1443(1) does
3 not support removal.  Thus, this case is remanded to the state court in which it originated.
4 *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004)
5 (district court is empowered to establish subject matter jurisdiction over a removed action
6 sua sponte).

It is so **ORDERED**.

Dated this 27th day of February, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge